NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM COMRIE, JR.,　　　　　　　:
　　　　　　　　　　　　　　　　　:　Civil Action No. 09-353 (RBK)
　　　　　　Plaintiff,　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　:　**OPINION**
　　　　　　　　　　　　　　　　　:
CUMBERLAND COUNTY JAIL　　:
MEDICAL DEPARTMENT,　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　:

**APPEARANCES:**

　　WILLIAM COMRIE, JR., Plaintiff pro se
　　#70360
　　Cumberland County Jail
　　54 W. Broad Street
　　Bridgeton, New Jersey 08302

　　STEVEN L. ROTHMAN, ESQ.
　　LIPMAN, ANTONELLI, BATT, GILSON, MALESTEIN,
　　ROTHMAN & CAPASSO
　　110 N. Sixth Street, P.O. Box 729
　　Vineland, New Jersey 08362-0729
　　Counsel for Defendant, Cumberland County
　　Improperly pled as Cumberland County Jail Medical Department

**KUGLER,** District Judge

THIS MATTER comes before the Court on the motion of

Defendant, Cumberland County, for an Order to Dismiss the

Complaint for Plaintiff's failure to respond to Defendant's

Discovery Requests.  (See Docket entry no. 21).   This motion is

being considered on the papers, pursuant to Fed.R.Civ.P. 78.  For

the reasons set forth below, Defendant's motion will be granted,

and the Complaint will be dismissed accordingly.

I.   BACKGROUND

Plaintiff, William Comrie, Jr., brings this civil action, pursuant to 42 U.S.C. § 1983, alleging that defendant, Cumberland County Jail Medical Department, failed to properly treat his medical conditions and his "confidentiality rights were violated" when his "medical statu[]s" was told to various correctional officers and "fellow inmates."  See Complaint at ¶6.  The Complaint was filed on or about January 27, 2009.  Defendant answered the Complaint on June 18, 2009.

In March 2009, Plaintiff had filed a motion for appointment of counsel, which was denied by the Honorable Joel Schneider, U.S.M.J., by Order entered on July 30, 2009.  (Docket entry no. 10).  On August 3, 2009, a Scheduling Order was entered setting forth discovery to be completed by November 30, 2009 and dispositive motions due by January 15, 2010.  (Docket entry no. 12).  Shortly thereafter, on August 13, 2009, Plaintiff sought reconsideration of the denial of appointed counsel.  (Docket entry no. 13).  Reconsideration was denied by Letter Order issued by Magistrate Judge Schneider on August 18, 2009.  (Docket entry no. 14).

On October 23, 2009, defendant filed its first motion to dismiss the Complaint for failure to comply with discovery requests.  (Docket entry no. 15).  Specifically, counsel for defendant certified that, on June 24, 2009, his office forwarded

to Plaintiff a demand that he provide answers to a notice to produce and interrogatories.  (Docket entry no. 15-1, Defendant's Certification at ¶3).  Defense counsel further certified that Plaintiff's response to defendant's notice to produce became due on or about July 24, 2009.  (Id.).  Defense counsel further certified that Plaintiff's response to defendant's interrogatories became due on or about August 24, 2010.  (Id. at ¶4).  Defense counsel also certified that he wrote to Plaintiff on August 25, 2009, requesting his answers to interrogatories. (Id.).  On November 9, 2009, defense counsel filed a Supplemental Certification in support of defendant's motion to dismiss the Complaint.  Defense counsel certified that on November 2, 2009, he went to take the deposition of Plaintiff at the jail and Plaintiff refused to allow his deposition to be taken because he was "very upset with the Court for not appointing pro bono counsel for him."  (Docket entry no. 16,  Supplemental Certification at ¶¶3-4).

     The motion to dismiss was referred to Magistrate Judge Schneider, and on or about May 7, 2010, an Order was issued denying the motion to dismiss and requiring Plaintiff to comply with discovery requests by June 6, 2010.  The motion was denied without prejudice to defendant's right to apply for sanctions in the future if plaintiff failed to fully and completely comply with the May 7, 2010 Order.  The Order further directed that

Plaintiff appear for his properly noticed deposition, and that defendant promptly submit an appropriate Order to the Court for leave to take the deposition.  The Order further stated that should Plaintiff fail to comply with the provisions of the May 7, 2010 Order, his non-compliance "may result in the imposition of sanctions, including, without limitation, the possible dismissal of Plaintiff's complaint."  Finally, the Order gave defendant leave to renew its motion for sanctions, addressing the factors set forth in Poulis v State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), in the event Plaintiff failed to comply with the May 7, 2010.  (Docket entry no. 18).

An Amended Scheduling Order was entered on May 6, 2010 extending pretrial factual discovery to July 30, 2010, and dispositive motions due by September 15, 2010.  A Joint Pretrial Order was made due on November 12, 2010.  (Docket entry no. 17).

Defendant filed its second motion to dismiss the Complaint on June 23, 2010.  (Docket entry no. 21).  In a Certification supporting the motion, counsel for defendant confirmed that Plaintiff has not provided any responses to discovery requests and has not submitted for his deposition.  Counsel also addressed the Poulis factors in the Certification in support of dismissal of the Complaint.  (Id.).

On November 12, 2010, counsel for defendant wrote to this Court to inform that Plaintiff had not served his portion of the

Final Joint Pretrial Order upon defendant by October 29, 2010, as
directed by scheduling order, and that defendant has not received
any correspondence from Plaintiff for more than a year.
Accordingly, due to Plaintiff's failure to cooperate, the
defendant was unable to prepare the Final Joint Pretrial Order.
(Docket entry no. 23).

## II.  DISCUSSION

The Federal Rules of Civil Procedure provide for sanctions
for non-compliance with discovery orders. Rule 37(b)(2) provides
in pertinent part that:

> [i]f a party . . . fails to obey an order to provide or
> permit discovery, including an order under . . . 37(a), the
> court where the action is pending may issue further just
> orders.  They may include the following
> . . .
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient
> party; ....

The Supreme Court has held that dismissal is an "extreme"
sanction, reserved for cases where a party has acted in "flagrant
bad faith" and "callous disregard of [his] responsibilities."
Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639,
643 (1976). In determining whether dismissal is appropriate for
a party's failure to participate in discovery, the court should
balance:

> (1) the extent of a party's personal *responsibility*;
> (2) the *prejudice* to the adversary caused by the failure to
> meet scheduling orders and respond to discovery;

      (3) a *history* of dilatoriness;
      (4) whether the conduct of the party or attorney was *willful*
      or in *bad faith*;
      (5) the effectiveness of sanctions other than dismissal,
      which entails an analysis of *alternative sanctions;* and
      (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.

1984).

      Here, defendant has carefully addressed the Poulis factors

in articulating the reasons why dismissal is the most appropriate

sanction in this case.  The Third Circuit has cautioned, however,

that "'[d]ismissal must be a sanction of last, not first,

resort.'"  Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d

912, 922 (3d Cir. 1992)(quoting Carter v. Albert Einstein Med.

Ctr., 804 F.2d 805, 807 (3d Cir. 1986)).  Indeed, the Third

Circuit exhorts constraint on dismissal "absent the most

egregious circumstances."  See United States v. $8,221,877.16 in

U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) (citing Poulis,

747 F.2d at 867-68)).

      A consideration of the relevant factors leads the Court to

conclude that dismissal of Plaintiff's Complaint is warranted.

Plaintiff clearly has failed to prosecute his case and comply

with the Court's discovery and scheduling orders in this matter.

Moreover, Plaintiff is solely responsible for his failure and has

caused prejudice to the Defendant, who, due to Plaintiff's

refusal to cooperate, has no facts upon which to build its prima

facie case and prepare a proper defense.  Plaintiff has willfully

refused to cooperate with any discovery, including his deposition, for no other reason than the fact that the Court has denied him appointed counsel.  It is impossible for this case to proceed to trial, or even settlement discussions, with a Plaintiff who fails to cooperate in discovery and scheduling directives.  Moreover, it is impossible for the Court to manage a case that the Plaintiff refuses to prosecute.  As illustrated above, in defense counsel's Certifications to this Court in support of the motion to dismiss, Plaintiff has had a history of dilatoriness and uncooperative behavior in this case.  Notably, Plaintiff has not appeared for his deposition, has not provided responses to any discovery requests, has failed to comply with scheduling and other orders issued by the Court, and has made no attempt to cooperate in preparation of the final joint pretrial order.  Indeed, Plaintiff has not submitted a single piece of correspondence to the Court in more than a year, and Plaintiff has not even attempted to file any opposition to defendant's motion to dismiss, which first was filed in October 2009.  Thus, Plaintiff shows no evidence that would convince the Court that Plaintiff intends to rectify his actions or otherwise prosecute this case.  In other words, this Court finds Plaintiff's conduct to be willful and in bad faith.

Unfortunately, the Court does not find that any alternative sanctions are appropriate under the facts of the present case. Therefore, the Court is constrained to grant the relief sought by

defendant's motion and dismiss the Complaint due to Plaintiff's complete and willful failure to provide discovery.

### III.   CONCLUSION

For the reasons set forth above, defendant's motion for dismissal of the Complaint will be granted, and the Complaint will be dismissed for failure to cooperate in discovery as directed by prior Court Order, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v).   An appropriate order follows.

<br>

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 21, 2011